UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                            Case No. 1:15-cr-20259
                                            Honorable Thomas L. Ludington

RAYMOND JOSEPH BENZ,

                Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On August 5, 2015, Defendant Raymond Joseph Benz pled guilty to one count of unlawful imprisonment, in violation of 18 U.S.C. § 13. ECF No. 23. He was sentenced to 170 months imprisonment and three years supervised release. ECF No. 28. He is currently housed at Federal Correctional Institute, Fairton ("FCI Fairton") in New Jersey.

Defendant recently filed two motions for the appointment of counsel: one in December 2020 and the other in February 2021. ECF Nos. 37, 39. Both sought the appointment of counsel for the purpose of preparing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). This Court denied both motions because (1) the compassionate release statute does not provide an independent basis for the appointment of counsel and (2) the appointment of counsel was not warranted under the Sixth Amendment given that "[s]eeking compassionate release does not involve complex facts or legal doctrines that would prevent Defendant from effectively bring the claim on his own behalf." *See* ECF No. 38 at PageID.205–06; ECF No. 40 at PageID.209–10.

On May 20, 2021, Defendant filed a motion for reconsideration, asking again for the appointment of counsel. ECF No. 41. For the reasons set forth below, Defendant's Motion for Reconsideration will be denied.

**I.**

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

**II.**

In his Motion for Reconsideration, Defendant does not identify any palpable defect in the prior orders denying him the appointment of counsel. He simply reiterates his prior claim that he lacks the legal knowledge to effectively file a motion for compassionate release. ECF No. 41 at PageID.212. He also states that he tried to obtain an attorney on his own but that the attorney requested a nonrefundable fee of $15,000 to represent him.[1] *Id.*

---

[1] Defendant included an engagement letter from the attorney in question. *See* ECF No. 41 at PageID.214–17. It bears noting that the requested fee of $15,000 seems extraordinarily high given the limited complexity of a compassionate release motion.

The requirements for compassionate release are set forth in the statute. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant presumably has some knowledge of the statute, as both of his motions for appointment of counsel mentioned that he had "exhausted [his] administrative remedies." *See* ECF No. 37 at PageID.207; ECF No. 39 at PageID.207. Simply put, Defendant has not identified any fact that would require a different outcome for his previous motions.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 41, is **DENIED**.

Dated: May 27, 2021                                   s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge